UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONNA JONES,

        Plaintiff,

   v.            02-CV-1428

SMITHKLINE BEECHAM CORPORATION
d/b/a GLAXO SMITH KLINE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff moves pursuant to FED. R. CIV. P. 60 seeking reconsideration of this Court's March 18, 2004 Memorandum-Decision & Order and the judgment issued that same day.

Local Rule 7.1(g)

To the extent Plaintiff seeks reconsideration, the Court notes that, pursuant to N.D.N.Y.L.R. 7.1(g), any such motion is time-barred.  Motions for reconsideration must be made no later than ten calendar days after entry of the challenged judgment or order.

Federal Rule of Civil Procedure 60

Plaintiff seeks relief pursuant to FED. R. CIV. P. 60.  The Second Circuit has clearly stated that  Rule 60(b) may not be used as a "substitute for a timely appeal." See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Plaintiff was advised by her attorney that she had thirty days in which to file a notice of appeal.  She failed to do so.  Rule 60 may not be used

to circumvent this failure. It is clear that Plaintiff is trying to re-litigate her case or otherwise use Rule 60 as a substitute for appeal. For these reasons, the motion must be denied. The Court will, nonetheless, address each of the potential avenues of relief under Rule 60.

Rule 60(a) is inapplicable because there are no clerical mistakes in the March 18, 2004 Order or the Judgment of that same date.

Rule 60(b)(1) does not apply because the prior Order and Judgment were not the result of mistake, inadvertence, surprise, or excusable neglect. Plaintiff was represented by counsel who timely responded to the motion for summary judgment filed by Defendant. Any claimed deficiencies in her representation are an insufficient basis for relief. See Nemaizer, 793 F.2d at 61-63.

Rule 60(b)(2) does not warrant relief because Plaintiff is unable to identify any newly discovered evidence which, by due diligence, could not have been discovered in a more timely fashion. Plaintiff merely reargues her old evidence and otherwise points to evidence that reasonably was available at the time of the summary judgment motion or is otherwise irrelevant to her claims.

Rule 60(b)(3) similarly does not warrant relief because there is no evidence of fraud, misrepresentation, or other misconduct by Defendant. Although Plaintiff disputes much of the evidence submitted by Defendant and claims such evidence to be fraudulent, Plaintiff had ample opportunity to challenge Defendant's evidence in her papers in opposition to Defendant's motion for summary judgment. There is no evidence of fraud on the Court of the magnitude justifying relief under Rule 60. See Weldon v. United States, 225 F.3d 647, 2000 WL 1134358, at *2 (2d Cir. 2000).

Rules 60(b)(4) and (5) are inapplicable as there is no indication that the judgment is void and no evidence that the judgment had been satisfied, released, or discharged.

Rule 60(b)(6) relief is available only in "extraordinary circumstances ... where the judgment may work an extreme and undue hardship." Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)(internal quotation marks omitted). Although Plaintiff is dissatisfied with the outcome of her case, she presents no extraordinary circumstances justifying Rule 60 relief. If Plaintiff believed this Court to have erred, she could have, and should have, filed an appeal.

For the foregoing reasons, Plaintiff's motion pursuant to FED. R. CIV. P. 60 is DENIED.

IT IS SO ORDERED.

Dated: April 27, 2005

Thomas J. McAvoy
Senior, U.S. District Judge